CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN - 9 2007
JOHN F. CORCORAN, CLERK
BY: 
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS S. MCREA, #99978-071 ) | |
| Petitioner, ) | Civil Action No. 7:06-CV-00742 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| TERRY O'BRIEN, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Pro se petitioner Travis S. McRea, a federal inmate incarcerated at the United States Penitentiary, Lee County, Virginia ("USP Lee"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. McRea challenges prison disciplinary sanctions he received for "Engaging in Sexual Acts" in violation of Bureau of Prisons ("BOP") Code 205. Petitioner requests relief in the form of the expungement of his disciplinary record.

Upon a review of the complaint, I find that it is without merit and must be dismissed with prejudice.

## I. Factual and Procedural Summary[1]

Petitioner states that a nurse at USP Lee filed an incident report alleging that she observed petitioner with his hand "inside of his pants, on top of his underwear[,] rubbing his semi-hard penis." As stated above, he was charged with the act of "Engaging in Sexual Acts" in violation of BOP Code 205. He pursued administrative relief through the prison grievance system. His grievance and appeals were denied.[2]

---

[1] The facts have been adduced from McRea's petition and the attachments submitted thereto.

[2] In his grievance and appeals below, petitioner argued, inter alia, that the term "sexual acts" should be given the definition found in the criminal statutes. He specifically pointed to 18 U.S.C. § 2246(2), where "sexual act" is defined as contact between one person's penis, mouth, hand or object and another's genitals or anus. He argued that the prohibited sexual acts necessarily require the involvement of another person and thus, his exhibition in front of the nurse was not conduct prohibited by 28 C.F.R. § 541.13, Table 3, code 205. Petitioner does not present this argument to this court (instead, he argues that the nurse's account of the

In an opinion dated November 20, 2006, denying petitioner's appeal of his grievance, a National Inmate Appeals Administrator stated, in pertinent part:

> You appeal the April 7, 2006, decision of the Discipline Hearing Officer (DHO) regarding incident report #1452224, in which you were found to have committed the prohibited act of Engaging in Sexual Acts (code 205). You request expungement of the incident report.
>
> Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.
>
> You contend the action in which you were participating when observed by staff is not a sexual act for purposes of the code 205 offense. The DHO recorded in the DHO report that you stated you were rubbing your stomach. The reporting officer states you were observed rubbing your semi-hard penis. The DHO considered these statements and determined the reporting officer's statement was more credible and, therefore, determined the evidence supported the conclusion you committed the prohibited act as charged.
>
> * * *
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Petitioner states the following ground for the instant petition: "The disciplinary hearing committee violated my rights at the hearing." He asserts: "On April 06, the D.H.O. hearing [officer]

---

incident was "falsified"). In any event, a federal prisoner who engages in public clothed masturbation while looking at a prison official qualifies as "engaging in a sexual act" within the scope of a prison regulation proscribing such activity, where the BOP defined "sexual act" as intimate physical contact with prisoner's self or with another, absent any evidence that the BOP intended to adopt the criminal definition of "sexual act" as controlling in prison disciplinary proceedings.

2

rendered the petitioner guilty of B.O.P. Regulation Code 205. The petitioner did not commit those acts and the disciplinary hearing [officer's] decision was not base[d] on facts, but only on the staff falsified version." He adds: "Since the D.H.O. did not ascertain the truth of the allegation against the petitioner[,] such conduct was not part of the fair and impartial duty, thereby violating due process of law. The remedy is expunge, [sic] the incident report and vacate the offense."

## II. Analysis

The crux of the instant petition is that the Discipline Hearing Officer ("DHO") failed to afford petitioner due process regarding his disciplinary infraction. The petition must fail.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits[3] are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

McRea does not argue that the DHO failed to satisfy the guarantees mandated by Wolff. Moreover, the record in this case indicates that those guarantees were fulfilled. Petitioner alleges only that he "did not commit those acts" and that the findings against him were based "only on the

---

[3] It is unclear whether petitioner lost good time credits; petitioner does not state that he lost good time credits, nor does he request reinstatement of such credits. Where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not suffered a hardship that triggers due process protections. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). The instant petition for habeas relief is devoid of any clear statement describing the nature of the disciplinary sanction. Inasmuch as "Engaging in Sexual Acts" is a high severity infraction, I will assume that petitioner lost good time credits, if he had any.

3

staff falsified version." Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5 th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). Petitioner has failed to make any such showing sufficient to displace the DHO's findings of fact. Therefore, I find that relief should be denied on this claim because McRea received adequate due process regarding his disciplinary infraction.

## III. Conclusion

Based on the foregoing, I find that McRea's claim lacks sufficient merit to warrant the requested relief. Therefore, I will dismiss petitioner's complaint. An appropriate order will be entered this day.

**ENTER**: This 9th day of January, 2007.

Senior United States District Judge

4